IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CASEY KISTLER,                          )
                                        )
                 Petitioner,            )
                                        )
vs.                                     )     Case No. 11-cv-1135-MJR
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                 Respondent.            )

ORDER DIRECTING GOVERNMENT
TO RESPOND TO SECTION 2255 PETITION

REAGAN, District Judge:

In June 2010, via Superseding Indictment, Casey Kistler was charged with conspiracy to distribute and possess with intent to distribute cocaine base in the form commonly known as "crack" cocaine (Criminal Case No. 10-30064-MJR). Kistler pled guilty. She was sentenced by the undersigned Judge, with judgment entered December 16, 2010.

Kistler filed a motion to reduce sentence in December 2011 but withdrew the motion in March 2012 on advice of counsel.

On December 23, 2011, Kistler filed a *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. 2255. Section 2255 allows a prisoner in custody via sentence imposed by a federal court to collaterally attack her sentence on the ground that it was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence exceeded the maximum authorized by law. A one-year statute of limitation applies to § 2255 petitions. The one-year running from the latest of four dates: (1) the date on which the judgment of conviction became final, (2) the date on which the impediment to filing a petition was removed, if the impediment was caused by "governmental action," (3) the date on which the Supreme Court newly recognized a right and made it retroactively applicable to cases

on collateral review; or (4) the date on which the facts supporting the claim presented by the petition could have been discovered through the exercise of due diligence.

Rule 4 of the **Rules Governing Section 2255 Proceedings for the United States District Courts** directs the Judge who receives the motion to promptly examine it; if it plainly appears from the motion, any exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.  Otherwise, the District Court must order the United States Attorney to file an answer or response within a fixed time.  Rule 8 of the **Rules Governing Section 2255 Proceedings** explains that if the motion is not dismissed, then depending on the issues raised and briefs filed, the Judge must determine whether an evidentiary hearing is warranted.  If the Judge determines that an evidentiary hearing is needed, he must appoint counsel to represent at the evidentiary hearing any petitioner who qualifies under 18 U.S.C. 3006A .

In the case at bar, Petitioner Kistler asserts that trial counsel rendered ineffective assistance in connection with her sentencing.  She submits that her failure to file her petition within one year after judgment of conviction became final is excusable because she was unaware of the facts that support her claim until the limitations period had passed.

The Court hereby **DIRECTS** the United States to respond to Kistler's § 2255 petition by **September 18, 2012**.  The United States shall address, *inter alia*, (a) whether Kistler's petition is timely-filed, and (b) whether Kistler's plea agreement contained a waiver of the right to seek relief under § 2255.  Kistler may file a reply brief (no longer than 5 pages) by **October 9, 2012**.  If review of the briefs indicates that an evidentiary hearing *is* warranted, the Court immediately will set the hearing by separate notice and, if Kistler qualifies under 18 U.S.C. 3006A, appoint counsel to represent her at the hearing.

IT IS SO ORDERED.

DATED August 8, 2012

3 | P a g e

s/Michael J. Reagan  
MICHAEL J. REAGAN  
United States District Judge